UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL CASE NO. |
| | : | 3:19-CR-00138 (JCH) |
| v. | : | |
| | : | |
| DANIEL LION, | : | JANUARY 9, 2025 |
| Defendant. | : | |

**RULING ON MOTION FOR CLARIFICATION (DOC. NO. 51), JOINT MOTION TO CORRECT JUDGMENT (DOC. NO. 62), MOTION TO UPDATE THE DOCKET, OR IN THE ALTERNATIVE, REQUEST FOR ENTRY OF WRIT (DOC. NO. 67)**

I.   **INTRODUCTION**

Daniel Lion ("Mr. Lion") and the United States of America ("the government") move this court to revise its restitution order pursuant to a Motion for Clarification ("Mot. Clarification") (Doc. No. 51), Joint Motion to Correct Judgment ("Joint Mot.") (Doc. No. 62), and Motion to Update the Docket, or in the Alternative, Request for Entry of Writ ("Mot. Writ") (Doc. No. 67).  For the reasons that follow, the court grants the Motion for Entry of Writ (Doc. No. 67), denies the Joint Motion (Doc. No. 62), and terminates as moot the Motion for Clarification (Doc. No. 51).

II.   **BACKGROUND**

Mr. Lion moved to clarify the terms of his ordered restitution after receiving a letter from the victim, the City of New Haven, which noted that he was due $1,665.43.  See Mot. Clarification (Doc. No. 51); see also Letter from New Haven (Doc. No. 51-1).  The court held a hearing on the matter.  See Minute Entry (Doc. No. 56).  Following the hearing, the parties submitted a status report in which they noted that they were continuing to discuss possible revisions to the restitution order and planned to file a joint motion on the issue.  See Status Report (Doc. No. 59).  The parties submitted another

1

status report in which they agreed that the restitution amount in the Judgment and the Restitution Order is incorrect and was based on a preliminary accounting. See Status Report (Doc. No. 61). After reviewing the final accounting, the parties agreed that the amount of restitution should be corrected pursuant to Rule 36 of the Federal Rules of Criminal Procedure. See id. Accordingly, the parties filed a Joint Motion to Correct Judgment in which they requested a reduction of the restitution amount from $102,947.44 to $95,851.34. See Joint Mot. at 2. The court heard oral arguments on the Motion. See Minute Entry (Doc. No. 66). There, the court suggested it could not "amend" the Judgment, but suggested a writ of coram nobis might effect the correction. Following oral arguments, the government submitted a Motion for Entry of Writ (Doc. No. 67). Therein, the government requested the Motion for Clarification be dismissed, and its Motion for Entry of Writ be viewed as a supplement to the parties' Joint Motion.

### III.   DISCUSSION

The parties have proposed various options through which the restitution order may be revised. These options are via Rule 36, writ of coram nobis, and writ of audita querela. See Joint Mot; Mot. Writ. The court considers each of these options in turn.

#### A.   Federal Rule of Criminal Procedure 36

Rule 36 allows the court to correct errors resulting from oversight at any time. See Fed. R. Crim. P. 36. The Second Circuit has held, however, that the Rule "does not encompass corrections that are designed, for example, to alter the internal structure of a sentence in order to correct noncompliance with statutory maxima . . . or otherwise effectuate [the court's] unexpressed intentions at the time of sentencing". See Marmolejos v. United States, 789 F.3d 66, 71 (2d Cir. 2015) (internal quotation marks omitted) (citing United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996); and then citing

2

United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995)); accord United States v. Jacques, 6 F.4th 337, 341-42 (2d Cir. 2021).  Instead, Rule 36 is directed solely toward the correction of clerical errors that are "mechanical in nature."  Marmolejos, 789 F.3d at 71 (citing Werber, 51 F.3d 342 at 347).  Although clearly an error, correction of Mr. Lion's restitution amount does not fall within the purview of Rule 36 because it is not clerical in nature.  See Jacques, 6 F.4th at 342.

    B.    Writ of Coram Nobis

Writs of coram nobis were "available at common law to correct error of fact." United States v. Morgan, 346 U.S. 502, 507 (1954).  They are issued pursuant to section 1651 of title 28 of the U.S. Code, see id. at 506; Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (per curium)—known as the "All Writs Act"—which grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law."  28 U.S.C. § 1651(a).

Critically, however, if a statute addresses the relevant issue, then that statute—not the All Writs Act—controls.  Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985))).  Coram nobis is thus typically "a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction."  United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (quoting Fleming, 146 F.3d at 89–90).

A petitioner seeking a writ of coram nobis "must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal

consequences from his conviction that may be remedied by granting of the writ."
Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (internal quotation marks omitted) (quoting Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)).

1. Lack of Statutory Remedies

In light of the requirement that no other statutory remedy be available for a writ of coram nobis to issue, the court must consider the lack, if any, of statutory remedies in Mr. Lion's case.

a. 18 U.S.C. § 3664

Section 3664 of title 18 of the U.S. Code provides the procedure for issuance and enforcement of restitution. See 18 U.S.C. § 3664. Under this statute, a victim can petition for an amended restitution order within 60 days of discovering further losses. See id. § 3664(d)(5). However, the statute does not provide any guidance on amending restitution orders upon discovering that losses were less than preliminarily determined. Therefore, section 3664 does not provide a legal avenue for Mr. Lion to correct the restitution amount.

b. 28 U.S.C. §§ 2241, 2255

Coram nobis was "essentially a remedy of last resort for petitioners who [were] no longer in custody pursuant to a criminal conviction and therefore could not pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming, 146 F.3d at 89-90. Here, the request underlying the Joint Motion, i.e., that the court correct Mr. Lion's restitution order, is one that would typically be made pursuant to section 2255. See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that . . . the sentence was in

excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Section 2255 of title 28 of the U.S. Code, known as the federal habeas statute, is the vehicle for collateral challenges to federal convictions for defendants in custody. See 28 U.S.C. § 2255(a). Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

See id. By its very terms, relief under section 2255 is limited to defendants in custody.

Defendants, such as Mr. Lion, who are not physically incarcerated may satisfy the habeas "in custody" requirement if they are "subject to a significant restraint upon [their] physical liberty not shared by the public generally." See United States v. Rutigliano, 887 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted) (quoting Vega v. Schneiderman, 861 F.3d 72, 74 (2d Cir. 2017)); e.g., Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (holding that a petitioner under supervised release may be considered "in custody" for purposes of habeas jurisdiction). Restitution orders, however, rarely impose such severe restraints on liberty to amount to being "in custody" for purposes of section 2255. See United States v. Rutigliano, 887 F.3d 98, 104-06 (2d Cir. 2018) (citing Kaminski v. United States, 339 F.3d 84, 86 (2d Cir. 2003)). Thus, Mr. Lion's restitution order cannot be amended pursuant to section 2255.

Section 2241 also requires that the movant be in custody. See 28 U.S.C. § 2241. Furthermore, the Supreme Court has recently clarified that section 2241 is a

5

vehicle for challenging the "the legality of [ ] detention", not "the validity of [a] sentence". See Jones v. Hendrix, 599 U.S. 465, 475 (2023). Therefore, Mr. Lion cannot seek federal habeas relief under section 2255 or 2241 to correct his restitution amount.

### c. 18 U.S.C. § 3582 and Federal Rule of Criminal Procedure 35

Lastly, Mr. Lion's restitution order cannot be amended under section 3582 of title 18 of the U.S. Code. Section 3582 contemplates modification rather than correction of a sentence, allowing the court to alter a sentence under specified circumstances, e.g., when "extraordinary and compelling reasons warrant such a reduction". See 18 U.S.C. § 3582(c)(1)(A)(i). While it provides leeway for correcting a sentence by referencing Rule 35 of the Federal Rules of Criminal Procedure, see § 3582(c)(1)(B), Rule 35 itself only allows a court to correct a clear error within 14 days of sentencing, see Fed. R. Crim. P. 35(a). Therefore, section 3582 is also unavailable to Mr. Lion.

### 2. Coram Nobis Requirements

Having concluded that no statutory relief is available to Mr. Lion, coram nobis relief is available if three requirements are satisfied: (1) compelling circumstances, (2) justifiable delay, and (3) continuing legal consequences. See Kovacs, 744 F.3d at 49 (citing Foont, 93 F.3d at 79). The court considers each in turn.

### a. Compelling Circumstances

For the court to issue a writ of coram nobis, "there [must be] circumstances compelling such action to achieve justice." Kovacs, 744 F.3d at 49. If the circumstances are such that relief would be appropriate under section 2255—were it available—then they also likely warrant coram nobis. See Mandanici, 205 F.3d at 527 ("[B]ecause of the similarities between coram nobis proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in coram nobis cases."

6

(quoting Fleming, 146 F.3d at 90 n.2)); cf. Kovacs, 744 F.3d at 49 (holding that ineffective assistance of counsel is a ground for granting a writ of coram nobis due to the right to counsel under the Sixth Amendment).

A sentence issued "in excess of the maximum authorized by law" is a ground upon which to correct the sentence under section 2255. See 28 U.S.C. § 2255(a). "[A] court's power to order restitution is 'limited to actual loss' and 'may be awarded only in the amount of losses directly and proximately caused by [a] defendant's conduct.'" Rutigliano, 887 F.3d at 109 (quoting United States v. Gushlak, 728 F.3d 184, 194–95 (2d Cir. 2013)).

As Mr. Lion and the government note in their Joint Motion, the amount of restitution ordered was based on a preliminary calculation of the "actual loss". See Joint Mot. Further accounting revealed that the actual loss sustained by the victim was approximately $7,000 less. See id. Thus, Mr. Lion meets the first element.

b.  Justifiable Delay

Although no statute of limitations governs a writ of coram nobis, a petitioner must demonstrate that sound reasons exist for the delay in seeking appropriate relief. See Kovacs, 744 F.3d at 54.

At the outset, it is important to note that the Second Circuit set a relatively low bar for justifiable delay in Kovacs. There, the petitioner, Kovacs, pled guilty to misprision of felony based on assurances that there would be no immigration consequences and was sentenced in 2001. See Kovacs, 744 F.3d at 48. However, in 2009, his immigration status was questioned because his conviction was considered a crime of moral turpitude. Id. at 49. At that time, he discussed his options with attorneys, but none advised him to seek vacatur of his conviction. Id. In late 2011, "he

7

first became aware of the possibility of coram nobis relief" and tried to negotiate with the government to garner its consent to a motion for a writ of coram nobis. Id. Based on these facts, the Court of Appeals, without remanding, found that Kovacs' petition for a writ of coram nobis was timely. Id. at 54. In particular, the Kovacs court noted that "it was improbable that Kovacs (or whatever attorney he consulted) would have promptly thought about coram nobis, which is as arcane as it is ancient . . . and available only in rare cases." Id. at 54. The court further noted that the government did not "suggest any tactical reason Kovacs would have delayed pursuit until 2011 if he had learned of it earlier." Id.

Here, Mr. Lion moved for clarification of his restitution order soon after receiving a letter from the City of New Haven. See Mot. for Clarification. Prior to the City's final accounting, he would not have been able to prove that the actual loss was less than the amount the government purported it to be at the time of sentencing. Considering the foregoing, Mr. Lion has shown that sound reasons existed for his delay in seeking a correction to the restitution amount.

### c. Continuing Legal Consequences

Finally, a petitioner must also demonstrate that he suffers from continuing legal consequences as a result of the error. Restitution is not an alternative to imprisonment; rather, it is imposed in addition to any imprisonment term. The continuing consequences are clear. If the error remains uncorrected, Mr. Lion will pay more than the loss suffered by the victim. Therefore, Mr. Lion satisfies all the requisite elements for coram nobis relief.

8

    C.    <u>Writ of Audita Querela</u>

In the alternative, the government suggests that the court may proceed by issuing a writ of error <u>audita</u> <u>querela</u>. Mot. Writ at 7. The Second Circuit has explained, however, that "[a] writ of <u>audita</u> <u>querela</u> 'is probably available where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.'" <u>Calvert v. United States</u>, 351 F. App'x 475, 476 (2d Cir. 2009) (quoting <u>United States v. Richter</u>, 510 F.3d 103, 104 (2d Cir.2007). Because the court concludes that another remedy is available, writ of <u>coram</u> <u>nobis</u>, <u>see</u>, <u>supra</u> part III.B, the writ of error <u>audita</u> <u>querela</u> is unavailable.

### IV.    CONCLUSION

For the reasons articulated herein, the court grants the Motion to Update the Docket, or in the Alternative, Request for Entry of Writ (Doc. No. 67). The court denies the Joint Motion to Correct Judgment (Doc. No. 62) and terminates as moot the Motion for Clarification (Doc. No. 51). A separate Order will follow, consistent with this Ruling, as to changes to the Judgment (Doc. No. 22) and Restitution Order (Doc. No. 24).

**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of January 2025.

                                /s/ Janet C. Hall
                                Janet C. Hall
                                United States District Judge